841 F.2d 47
 21 Soc.Sec.Rep.Ser. 25, Medicare&Medicaid Gu 37,027
Jack FRIEDMAN, Sidney Greenwald, and the Estate of Sandor
Kolitch d/b/a Franklin Nursing Home, Plaintiffs-Appellants,
v.
Cesar PERALES, Commissioner of the State of New York
Department of Social Services, and David Axelrod,
M.D., Commissioner of the State of New
York Department of Health,
Defendants-Appellees.
 No. 617, Docket 87-7816.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 18, 1988.
Decided March 8, 1988.
 
 Marvin Neiman, New York City (Theodore T. Mairanz, Marvin Neiman, P.C., Stuart Miller, New York City, on the brief), for plaintiffs-appellants.
 Marion R. Buchbinder, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of State of N.Y., New York City, on the brief), for defendants-appellees.
 Before TIMBERS, KEARSE and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs Jack Friedman, et al., doing business as Franklin Nursing Home, a residential health care facility ("RHCF") which was a Medicaid provider, appeal from a final judgment of the United States District Court for the Southern District of New York, Robert J. Ward, Judge, summarily dismissing their complaint against New York State officials charged with administering the state's Medicaid programs, see 42 U.S.C. Sec. 1396 et seq. (1982 & Supp. III 1985). The complaint sought, inter alia, declaratory and injunctive relief against defendants' continued use of rate ceilings with regard to reimbursement for certain categories of costs incurred by Medicaid providers. Most of plaintiffs' claims were summarily dismissed by the district court, Lee P. Gagliardi, Judge, in 1985, see 616 F.Supp. 1363. Thereafter, Judge Ward, in an opinion dated August 17, 1987, and reported at 668 F.Supp. 216, granted defendants' motion for summary judgment dismissing plaintiffs' remaining claim with respect to the reimbursement rate for real estate costs. On appeal, plaintiffs contend that the rate ceiling set by defendants violates state and federal law because it fails to reimburse the vast majority of RHCFs for their reasonable real estate costs, and that the district court erred in granting summary judgment to defendants on this claim.
 
 
 2
 We have considered all of plaintiffs' contentions on this appeal and have found them to be without merit. Plaintiffs failed to show that there was any genuine issue of material fact with respect to the reimbursement rates for real estate costs. See Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). Such costs are but one component of the RHCF's expenses. We agree with Judge Ward that "[t]he efficient cost standard of the Medicaid provisions requires only that RHCFs be reimbursed for the efficient cost of their operation, not that every component of reimbursable cost be compensated at an efficient rate." Id. at 225. Accordingly, we affirm substantially for the reason stated in Judge Ward's opinion, 668 F.Supp. at 224-25.
 
 
 3
 Judgment affirmed.